IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRUCE DORSEY, | : | |
| Petitioner | : | |
| v | : | Civil Action No.: JFM-09-679 |
| WARDEN WILLIAM FILBERT, JR., et al., | : | |
| Respondent | : | |

. . . . . . o0o . . . . . .

## MEMORANDUM

Petitioner filed the above captioned Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 alleging that the Parole Commission erred in revoking his parole and abused its discretion by not awarding him sufficient credit under the Annotated Code of Maryland, Correctional Services Article 7-401(d)(1) ("street time").  Paper No. 1.  Respondents have answered the petition.  Paper No. 6.

Petitioner is serving a total ten year term of imprisonment for three theft cases.  Paper No. 6, Ex. 1-3.  On February 9, 2003, petitioner was paroled.  On January 22, 2007, the Division of Parole and Probation notified the Parole Commission that petitioner had been arrested and requested no action pending adjudication of petitioner's new charges. *Id*. Ex. 5.

The Parole Commission, at the request of the Division of Parole and Probation, issued a retake warrant for petitioner on October 11, 2007. *Id*. Ex. 7.  The warrant was subsequently withdrawn and replaced with a subpoena to appear before the Commission for hearing on January 15, 2008.  *Id*. Ex. 9.  An emergency warrant was issued for petitioner on January 15, 2008, after a report from the Division of Parole and Probation indicated he had been found guilty

of a new crime while on parole. *Id.* Ex. 13.  On February 7, 2008, a hearing was conducted by the Maryland Parole Commission which continued petitioner on parole after finding he had not violated any condition of his release.  The supervising agent had appeared at the hearing without any notes or a true test copy of petitioner's new conviction. *Id.*, Ex. 14.

Another warrant was issued by the Commission on June 17, 2008.  A hearing was conducted on October 22, 2008 to determine if petitioner had violated conditions of his release.  Based upon petitioner's admissions, it was determined he had violate conditions of his parole, his parole was revoked, and no street time credit was awarded. *Id.*, Ex. 15-21.  Petitioner is seeking judicial review of the Commission's revocation decision in the Circuit Court for Baltimore City. *Id.*, Ex. 22-24.

Petitioner has failed to exhaust remedies available to him through the state courts; the matter is pending at the initial stage of review at the state level.  His petition is, therefore, filed prematurely and, as a matter of comity, this court will not intervene in a State law matter.  *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).   At a minimum, petitioner must follow through with all available state court appeals, as the state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions.  This review preserves the role of the state courts in protecting federally guaranteed rights.  *See Preiser v. Rodriguez*, 411 U.S. 475 (1973.  Accordingly, a separate order will be entered dismissing this case without prejudice.

  March 10, 2010                                       /s/
Date                                                   J. Frederick Motz
                                                        United States District Judge